### IN THE UNITED STATES DISTRICT COURT
### FOR NORTHERN ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARTENIA SHYNE, | ) |
| ANTOINETTE GARRET-WILLIAMS, | ) CASE:  18cv1231 |
| PLAINTIFFS, | ) |
| v. | ) |
| COOK COUNTY SHERIFF'S MERIT | ) |
| BOARD, THOMAS DART (Off & Ind. Cap), | ) |
| TONI PREKWINKLE (Off. & Ind. Cap), | ) |
| COOK COUNTY, ILLINOIS, | ) |
| DEFENDANTS. | ) |

### VERIFIED CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, MANDAMUS RELIEF, AND MONETARY RELIEF

NOW COME Plaintiffs **SHYNE** and **GARRET-WILLIAMS ("Williams"),** by counsel, Christopher Cooper and Cass Casper, and that Plaintiffs complain of 42 U.S.C. 1983 due process violations coupled with a request for injunctive relief in accordance with F.R.C.P. 65(a); and a request for declaratory relief pursuant to 28 U.S.C. § 2201. Lastly, Plaintiffs seek a writ of mandamus directed to Thomas Dart and Toni Preckwinkle in their official capacities.

### JURISDICTION & VENUE

1.      Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337; 42 U.S.C. § 1983, and for fees available by way of 42 U.S.C. § 1988.  Pendent state claims for Negligence and Fraud are hereby brought, and that this Court has jurisdiction by way of 28 U.S.C. § 1367. Additionally, jurisdiction is predicated on Illinois case law, namely *Siddens v. Indust Comm'n*, 711 N.E.2d 18, 22 (1999) and its progeny, to include *Daniels v. Indus. Comm,* 711 N.E.2D 936, 940 (2002) and, *Taylor v. Dart*, 64 N.E.3d 123, 126-27 (2016), each holding: **"[w]here an administrative body acts outside of its specific statutory authority, it acts**

1

**without jurisdiction, and its actions are void and a nullity from their inception."** (*Daniels* at 940); and, **"[w]here an agency's action is void, it may be attacked at any time, in any court, either directly or collaterally."** (*Id.* at 940).

(2)     Venue is had through 28 U.S.C. § 1391, the events or omissions giving rise to the claims having occurred in this district.

## PARTIES

(3)     Plaintiff MARTENIA SHYNE is a natural person, a legal adult, and a resident of Cook County, Illinois. She is employed by Defendant Cook County as a Cook County Sheriff's Deputy\Officer. Plaintiff was harmed by Defendants in Cook County, Illinois.

(4)     Plaintiff ANTOINETTE GARRET-WILLIAMS is a natural person, a legal adult, and a resident of Cook County, Illinois. She is employed by Defendant as a Cook County Sheriff's Deputy\Officer. Plaintiff was harmed by Defendants in Cook County, Illinois.

(5)     Defendant <u>Sheriff</u> THOMAS DART (DART), is sued in his **<u>individual capacity (but not as the 1983 count)</u>** as Mr. Dart is the [elected] Cook County (Illinois) Sheriff.  He is believed to have an address of 50 W. Washington Street, Chicago, Illinois 60602.

(6)     Defendant THOMAS DART (DART), is sued in his **<u>individual capacity</u>** as Mr. Dart is a state actor accused of having engaged in unlawful conduct under color of law. His home address is unknown. He is believed to have a business address of 50 W. Washington Street, Chicago, Illinois 60602.

(7)     Defendant COOK COUNTY is a County in the State of Illinois with a principle place of business of 118 N. Clark Street, Chicago, IL 60602. Defendant harmed (and continues to harm) Plaintiff in Cook County, Illinois during all relevant times of this action. The County of Cook, Illinois ("County") is a unit of local government and is a joint employer of the Plaintiff with Defendant Sheriff (Thomas Dart).  The County has indemnification obligations for wrongful acts committed by its officials or employees, such as the Sheriff.  *See* 745 ILCS §§ 10/1-202 and 9-102.  The County is named in its capacities as joint employer and as indemnor.

(8)     Defendant COOK COUNTY SHERIFF'S MERIT BOARD is a body created pursuant to 55 ILCS 5/3-7002.  It has an address of 69 W. Washington Street, Chicago, Illinois 60602. The Board harmed (and continues to harm) Plaintiffs in Cook County, Illinois during all relevant times of this action.

(9)     Defendant <u>President</u> TONI PRECKWINKLE (PRECKWINKLE), is sued in her **official capacity (but NOT as to the 1983 count).**  Ms. Preckwinkle is the [elected] Cook County Board "President."  She is believed to have a business address of 50 W. Washington Street, Chicago, Illinois 60602.

(10)     Defendant TONI PRECKWINKLE (PRECKWINKLE), is sued in her **individual capacity.**  Ms. Preckwinkle is a state actor accused of engaging in unlawful conduct under color of law.  Her home address is unknown.  It is believed that she is domiciled in Cook County. She is believed to have a business address of 50 W. Washington Street, Chicago, Illinois 60602.

## FACTS COMMON TO CLASS CLAIMS AS WELL AS TO NON-CLASS CLAIMS

3

## I. GENERAL BACKGROUND

1.    The Plaintiffs and those similarly-situated to them are employees of Cook County. (See Ex. 1 showing Plaintiffs and prospective class members). Plaintiffs are Cook County Sheriff's Department Deputy Sheriffs\Officers.

2.    The Plaintiffs and those similarly-situated are employed by Cook County as law enforcement officers.  Each has completed an employment probationary period.

3.    Thomas Dart ("Dart"), as the Cook County Sheriff, is the highest-level Sheriff's Department supervisor of Plaintiffs and those similarly-situated to Plaintiffs.

4.    Plaintiffs and similarly situated officers have been, <u>twice</u>, internally charged with and for violating policies and rules of the Cook County Sheriff's Department\Office, by way of two Complaints, respectively, signed by Defendant Dart.

5.    By way of each of the two complaints served on each of the Plaintiffs and those similarly situated to them, Sheriff Dart seeks to terminate the employment of the Plaintiffs and similarly situated officers, for alleged violations of various Sheriff's Orders, General Orders and Rules of the Sheriff's Department\Office.

6.    Boding with the charges against Plaintiffs and the sought termination, the Sheriff and Cook County Sheriff's Merit Board have stripped the officers of their police powers, suspended them, and removed them from the payroll. All such actions represent a material adverse employment action.

4

## II. The Illegal Sheriff's Merit Board

7.    Defendant Cook County Sheriffs Merit Board ("Merit Board") is an administrative agency established under the Cook County Sheriff's Merit Board Act, 55 Ill. Comp. Stat. 5/37001, *et seq.* The Cook County Sheriff's Merit Board Act, by express reference, adopts the provisions of the Administrative Review Act, 735 Ill. Comp. Stat. § 5/3-101, *et seq.,* ("the Act"), and Merit Board final decisions are therefore reviewable in this Court. 55 Ill. Comp. Stat. 5/3-7012.05.

8.    The Cook County Sheriff's Merit Board, by statute (55 ILCS 5/3-7001-2), presides over disciplinary processes\proceedings in which Cook County Sheriff's officers are charged with violating Cook County Sheriff's Department regulations, policies and general orders.

9.    Pursuant to 55 ILCS 5/3-7002, the Sheriff of Cook County appoints people to sit as members\commissioners on the Cook County Sheriff's Merit Board. (Cf. 5/3 7001).

10.    Germane to the instant matter, Sheriff Dart did appoint people to the Cook County Sheriff's Merit Board in violation of 55 ILCS 5/3-7002.

11.    Such illegally appointed people are overseeing disciplinary processes for the Plaintiffs and similarly situated Board members.

12.    The purported Board members have not been legally appointed to the Board. (If at some point in the interim of the litigation around the instant Complaint, the Board becomes legal, the Plaintiffs averments of having been subjected to an illegal Board is averment unaffected by such a "fix" for the

period up to midnight December 12, 2017. The operative time-period which would moot this Complaint's present tense word usage, would have to come after December 12, 2017 and then again at some point after the instant Complaint is filed).

Period I:  2009 to December 12, 2017

13.     As to Plaintiff Shyne, between January 26, 2017 to approximately December 12, 2017, the Board was illegal because of Board members appointed for less than the six years required by 55 ILCS 5/3-7002, as well, by a lack of staggered terms of members.[1]

14.     As to Plaintiff Williams, between approximately August 18, 2017 to approximately December 12, 2017, the Board was illegal because of Board members appointed for less than the six years required by 55 ILCS 5/3-7002, as well, by a lack of staggered terms of members

15.     The Plaintiffs were subjected to a sham Board. Sham because there was a knowing, intentional, willful, and a wanton act of deception by the Board, its members, and Sheriff Dart. Defendants (inclusive of Toni Preckwinkle, Sheriff Dart, the Board and its members) falsely represented to Plaintiffs and similarly situated officers that the Board members were legally appointed and that the Cook County Sheriff's Merit Board had jurisdiction of the Plaintiff's

---

[1] Additionally, the Taylor Court held interim appointments are not permitted (Taylor 1 at 130; and, Taylor 2 which has  a citation of *Taylor v. Dart*, 2017 IL App (1st) 143684-B.  See  ¶¶ 16 and 56, Cf. ¶¶ 18-36.  An interim appointment would be an appointment of less than six years. (Id.)).

purported Board cases. The former and latter claims are now known to have been categorically false.

16.     Worse, to the Plaintiff's detriment, having relied on the falsehoods, Plaintiffs and similarly situated officers have participated in a protracted and stressful disciplinary process with all of the trappings of a criminal case.  Their respective counsel drawn into the hoax. Time, energy, resources, and money spent by Plaintiffs and similarly situated officers, joined by their respective counsel showing for status hearings, participating in motion practice, Discovery, and for some, ultimately a trial, all of which they would discover, was nothing more than "theater."

17.     Every action by the Merit Board as to Plaintiffs and similarly situated officers, is and was illegal from inception, since the Board was at no time legal. (See Siddens at 21-22; Taylor 1 at 126-27; and, Daniels at 940). In Period I, the Board never had jurisdiction of the Plaintiffs' purported Board cases. In Period II (the present), the Board does not have jurisdiction of the Plaintiffs' cases or the cases of similarly situated officers**. There has never been a Board to take jurisdiction of the respective Complaints.**

18.     The District Court for Northern Illinois, may act sua sponte because of what Daniels pronounces as the Court's duty (see Daniels at 940 of Siddens at 21-22]) to order Defendant Dart to return Plaintiffs and similarly situated officers to status quo.  Status quo is firstly when Plaintiffs and similarly situated officers were on the payroll (and receiving the employment benefits that come with receiving salary).

19.    Secondly, status quo is the period preceding the Board having knowingly and deliberately misrepresented that it had jurisdiction when it did not. It is necessary to emphasize that Taylor, supra., along with Daniels, hold:

> "Where an administrative agency acts outside its specific statutory authority… it acts without jurisdiction. **Its actions are void, a nullity from their inception**." See *Taylor I* at 126-127 citing to *Daniels at* 165. Also see *Siddens* at 21-22 (1999).

20.    **Clearly, by operation of law, the Plaintiffs should be deemed as  --here and now—never having been suspended or stripped, but gainfully employed Cook County Sheriff's deputies (correctional, police, or court officers).**

<u>Interim Period (time between Period I and Period II)</u>

21.  On or about December 5, 2017, Plaintiffs' and similarly situated officers' cases are, as reported and pronounced by the Board, removed from the Docket.

22.    Plaintiffs and those officers similarly situated (see Ex. 1, the list of similarly situated officers) contend such removals (plural) represent dismissals of their cases with prejudice.

<u>Period II (New Board): December 13, 2017-to Present
(Today is February 17, 2018 and the harm is continuing)</u>

21.    The Governor signed legislation purporting to "fix" the Board's constitution. Thereafter, the Sheriff appointed a new Board on or about December 13, 2017.

22. In January 2018, Plaintiffs and similarly situated officers are charged again (a second time) with the same "Complaints" (which were before the old Board) except that the Complaints are erroneously described by the Sheriff as "amended." The case numbers from Period II are the same as they were in Period I.

23. The Board continues to operate illegally and that the Board has asserted jurisdiction of Plaintiffs and similarly situated officers in such a manner that nullifies actions by the new Board. The Sheriff has filed against the Plaintiffs and similarly-situated officers, what he is calling "amended complaints"[2] The amended complaints are denoted by the earlier case number and contain the same allegations as in the complaints Defendant Dart filed with the "old" Board. *See, e.g.*, Exhibit B (attached hereto and incorporated by reference). The **Problem necessitating injunctive relief** is that the actions by the "old" Sheriff's Merit Board were and are void, see Taylor:

> "Where an administrative agency acts outside its specific statutory authority… it acts without jurisdiction. **Its actions are void, a nullity from their inception**." See *Taylor I* at 126-127 citing to *Daniels at* 165. Also see *Siddens v. Indust Comm'n*, 711 N.E.2d 21-22 (1999).

---

[2]The problem with the phraseology, as well as the posture which its represents, is that there was nothing to amend. The actions by the illegal Board were void; therefore, there could not have been a complaint accepted by the illegal Board. Plaintiff contends any action before the new Board cannot be a continuation of case which was pending before the illegal Board. "Where an administrative agency acts outside its specific statutory authority… it acts without jurisdiction. **Its actions are void, a nullity from their inception**." See *Taylor I* at 126-127 citing to *Daniels at* 165. Also see *Siddens v. Indust Comm'n*, 711 N.E.2d 21-22 (1999).

24. Therefore, because the old Board was illegal and unable to take jurisdiction of the Plaintiffs' cases any time prior to December 13, 2017, there never was an earlier case which could make for an amended filing.

25. An initial complaint (before the old Board) as to any of the Plaintiffs, or similarly situated prospective class members, was not possible, since the illegal Board lacked authority and jurisdiction to accept the initial complaint.

26. Plaintiffs contend (as does *Siddens*, supra and its progeny) that any action before the new Board cannot be a continuation of a case which was pending before the illegal Board because any action before and by the old Board was a nullity**. By law, void boards in the state of Illinois cannot produce anything other than actions which are a nullity.**

27. The fact that Defendant\Sheriff Dart believes otherwise, and has acted on erroneous and law violative belief, is a basis for injunctive relief.

28. **Plaintiffs contend it would be a superfluous and a wasteful exercise to allow any Board case to proceed until the Board is legally constituted and the cases before it are properly filed.** The new Board **cannot take jurisdiction of an illegal Board action** (or its resultant case). The Sheriff must file new cases. The current landscape is marked by a defiant and recalcitrant Sheriff and thus a continuation of the problematic, pre-Taylor landscape. History is about to repeat itself to the detriment of Plaintiffs and about 230 others (Ex. 1) who will be subjected to a process which will be merely theater as was Period I.

29.     **The next problem necessitating injunctive relief** is that the Board is still illegally constituted. This is because the political party composition of the Board violates 55 ILCS 5/3-7002. The statute reads in part:

> "No more than 3 members of the Board shall be affiliated with the same political party, except that as additional members are appointed by the Sheriff, the political affiliation of the Board shall be such that no more than one-half of the members plus one additional member may be affiliated with the same political party. No member shall have held or have been a candidate for an elective public office within one year preceding his or her appointment."

30.     The minimum or base is seven members. The present board has seven members. Four are democrats and three are Republicans (see attached exhibit). The seventh person would have to be other than a Republican or Democrat. The additional person would be the eighth person, which the Board does not have.

31.     Six of the appointees who had been improperly appointed to the old Board, are now appointed to sit on the "new" Board under the auspices of the amended statute.

32.     The Board has unilaterally changed and adopted new Rules and Regulations to apply to all cases before it, regardless of whether originally filed under the "old" Board or for the first time before the "new" Board. *See* Exhibit C (attached hereto and incorporated by reference).

33.     These changes absolutely require an injunction and emergency relief to stop further Board actions because, as it now stands, approximately 230 officers with pending cases before the Board, which were previously filed

under the "old" Board, will have the governing rules and regulations of the forum fundamentally changed by virtue of adoption of new rules mid-case, and by being forced to proceed with hearings under a putative "new" Board and "new" amended complaint that is, in fact, form, and substance, merely a continuation of the same case that was unlawfully filed with an improper Board to begin with.

34.     The Sheriff's "fix" is a repeat of Period I, a sham and theater which empowers virtually the same Board members (from the old Board) improperly-appointed under the former statute, to hear and pass judgment on cases that were never properly filed to begin with, but that are proposed to continue under auspices of "amended complaints."

35.     All that will happen, if the approximately 230 plus disciplinary processes are permitted to continue as to cases pending prior to the changes to the Board's empowering statute in December 2017.

36.     On completion, administrative review actions will be filed in the Circuit Court to declare such decisions null and void as a matter of law because the Board never had proper jurisdiction when originally filed.

37.     The "new" amended complaints, with the same case number and allegations as the prior complaints, are just continuations of the cases the Board never had authority to hear in the first place. The sham and theater continue.

38.     Accordingly, as to those cases filed prior to the statutory changes in December 2017 (see attached Ex. 1), this Court should enjoin further Board

12

action and prevent further flooding of the Cook County Circuit Court's Chancery Division with challenges to the propriety of the Board's authority to hear such cases.

39.     The Court should also order that the Sheriff return to full duty, officers with cases filed prior to the statutory changes (which includes the Plaintiffs), and order full make whole relief ***now*** for that time frame, before the damages and back pay grow and present further burden to the Cook County taxpayers down the road.

## Background Specific to Other Similarly-Situated Officers germane to Class Certification

40.     On information and belief (see attached Ex. 1, the Board list of cases) there are nearly 230 plus officers who are in positions similar to that of the Plaintiffs, at various stages in the Board process. Of these, many are believed to be suspended without pay, and had their cases removed from the docket in December as did the Plaintiffs.

41.     During the entire time-period covered by this Complaint and pertaining to all similarly-situated officers' cases, the Board has been illegal, unlawfully, and improperly constituted.

42.     An actual controversy exists between the parties concerning the interests of each side, which the declarations from this Court sought herein will resolve.

43.     All Plaintiffs have a clear right to the relief requested, have a tangible legal interest in the subject matter of this Complaint, and otherwise

lack an adequate remedy at law, especially since the Sheriff has stated the Board cannot decide these issues.

44.     Plaintiffs bring this action on behalf of themselves and a class of similarly-situated officers injured by illegal constitution of the Board, the illegal disciplinary process thereunder and the misrepresentation and fraud by the Defendants which made for and enabled an illegal Board. The result of which was a garish deprivation the Plaintiffs' and similarly situated officers' due process entitlements. The class is defined as follows:

**"All Cook County Sheriff's Department officers with disciplinary actions before the illegally constituted Cook County Sheriff's Merit Board, on December 12, 2017."**

45.     The Class members are so numerous that joinder of all members is impracticable.

46.     While at this time the Plaintiffs do not know the exact number of Class members, Plaintiffs reasonably believe that there are approximately 230 plus pending cases (See Ex.1, the Merit Board list of January 30 and February 2, 2018 showing pending cases).

47.     The number of persons who have been impacted can be ascertained through appropriate discovery.

48.     There are common and overriding questions of law and fact which are common to each and every member of the class, *to wit*, (1) was the Board that oversaw and administered the disciplinary proceedings illegally constituted; (2) are the proceedings void; (3) entitlement to back pay; (4) entitlement to

reinstatement; and, (5) entitlement to other relief, including other make-whole relief.

49.     Those questions of law and fact which are common to all the members of the class predominate over any and all other questions of law or fact that may affect individual members of the class.

50.     Plaintiffs and similarly-situated officers were all subjected to unlawful disciplinary proceedings by the Board and will fairly and adequately represent and protect the interest of the Class.

51.     A class-action is an appropriate method for the fair and efficient adjudication of this dispute.

## COUNT I: 42 U.S.C. 1983
## DEPRIVATION OF 14th AMENDMENT DUE PROCESS ENTITLEMENTS
### Applies to Defendants Dart and Preckwinkle in their Ind. Cap.

52.     Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.

53.     Plaintiffs and similarly situated officers possess a 14th Amendment protected property interest in their employment as Cook County Sheriff's officers.

54.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of such interests when they (Defendants) deprived the officers of salary and benefits without due process of law.

15

55.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they subjected the officers to a phony and sham Board process.

56.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they subjected the officers to an illegal Board.

57.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they subjected the officers to ACTIONS of an illegal Board.

58.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they denied officers a right an opportunity to defend themselves before a legal Board.

59.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they denied officers a legal board before which to present motions and to participate in Discovery.

60.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they (Defendants) denied the officers a meaningful opportunity to be heard, because the board the Defendants represented as legal board, was in fact illegal.

61.     Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they knowingly, willfully, wantonly, and intentionally made and caused illegal appointments to the Merit Board.

62.    Such conduct included Mr. Dart nominating a person for a period of less than 6 years, by example, and thereafter Ms. Preckwinkle calling for a vote on nominees she knew would, if accepted, would be appointed in violation of 55 ILCS 5/3-7002.

63.    Defendants Dart and Preckwinkle did interfere with Plaintiffs' enjoyment of employment benefits and their employment contract.

**WHEREFORE**, and that there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each of the approximately 230 (plus) other prospective class members. Plaintiffs further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II:  REQUEST FOR DECLARATORY RELIEF

### Plaintiffs and Similarly-Situated Officers Are Entitled to Declarations That the Board Is and Has Been Unlawfully Constituted and They Are Entitled to Return to Full Duty, Back Pay, And All Other Make Whole Relief

64.    Plaintiffs repeat, re-allege and incorporate, by the allegations in the above paragraphs, to all paragraphs which follow.

65.     The Board did not have jurisdiction of the Plaintiffs' cases or those of similarly situated officers or any cases (see the list of officers at Ex.1) on December 12, 2017.

66.     The Board does not have jurisdiction of the Plaintiffs' cases or those of similarly situated officers or any cases (see the list of officers at Ex.1).

67.     As to Period I, when the Board notified each Plaintiff that it had jurisdiction of their respective case, the Board did not have jurisdiction.

68.     As to period II, when the Board notified each Plaintiff that it had jurisdiction of their respective case, the Board did not have jurisdiction.

69.     Throughout the pendency of Plaintiffs' and similarly-situated officers' cases, the Board has not had jurisdiction because the Board has been illegal; but that the Defendants have falsely represented to the Plaintiffs that the Board had been and has been legal.

70.     The Plaintiffs have relied to their detriment on the false representation of the Defendants that the Board had and has jurisdiction and has and had been legal.

71.     Defendants proximately caused Plaintiffs' and prospective class members' harm. The Plaintiffs have been harmed to include stigma plus damage; having experienced garden variety stress; and that Plaintiffs and similarly situated officers have expended time and significant amounts of money on legal fees, among other expressions of reliance on Mr. Dart's, et al. false representations. Likewise, the attorneys for the Plaintiffs have been subjected to the fraud and, therefore, have expended time, effort and resources.

**WHEREFORE**, Plaintiffs and similarly-situated officers pray that the Court:

a. finds and declares that Plaintiffs' and similarly-situated officers' disciplinary proceedings are void from inception;

b. finds and declares that where the Merit Board "removed" the cases of Plaintiffs and similarly situated officers from the Board docket, that by such action (removal), the cases of the Plaintiffs and similarly situated officers were dismissed with prejudice;

c. finds and declares that the Board was improperly constituted at the time of Plaintiffs' and similarly-situated officers' cases, including from receipt of the Sheriff's initial complaint;

d. finds and declares that the Board was improperly constituted at the time of Plaintiffs' and similarly-situated officers' cases, including from receipt of the Sheriff's **<u>amended</u>** complaint;

e. finds and declares that Plaintiffs and similarly-situated officers are entitled to back pay, to reinstatement to full duty, and to all other full make whole relief with pre- and post-judgment interest;

f. finds and declares that Plaintiffs and similarly-situated officers are entitled to the Board's void proceedings being expunged and purged;

g. find and declares that the Defendants are barred from litigating or relitigating the same charges before the Board; and,

h. enters and orders such other relief as the Court deems just and proper.

Additionally, there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each of the approximately 230 other prospective class members. Plaintiffs further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III: Preliminary Injunction
### (Plaintiffs will file the appropriate motion)

72. Plaintiffs and similarly-situated officers repeat, re-allege and incorporate into the below paragraphs, by the allegations in the above paragraphs.

73. Plaintiffs and similarly-situated officers are entitled to injunctive relief based on unlawful appointments in violation of 55 ILCS 5/3-7002, and as interpreted in the *Taylor* litigation, supra.

74. Plaintiffs and similarly-situated officers have a clear and ascertainable right to the injunctive relief requested.

75. Plaintiffs and similarly-situated officers would suffer irreparable injury if an injunction is not granted.

20

76.    Plaintiffs and similarly-situated officers lack an adequate remedy at law.  Plaintiffs and similarly-situated officers are entitled, *inter alia*, to a return to duty.  Money damages "alone" are insufficient to compensate Plaintiffs and similarly-situated officers for their injuries, including reputations, loss of work opportunities, emotional injury, anguish, and humiliation.

77.    Plaintiffs and similarly-situated officers are entitled to an injunction requiring the Defendants to expunge any record of the underlying disciplinary charges against them.

78.    Plaintiffs and similarly-situated officers are entitled to an injunction enjoining Defendants from filing or refiling the same or similar disciplinary charges contained in the complaint underlying the Board's decision.

79.    Plaintiffs and similarly-situated officers are entitled to an injunction requiring Defendants to provide them full backpay with the value of the benefits they would have received if they had worked continuously without having been suspended without pay.

**WHEREFORE,** Plaintiffs and similarly-situated officers pray that the Court enters the following relief against all Defendants:

a. A preliminary injunction, and ultimately a permanent injunction against Defendants, requiring Defendants to return Plaintiffs and those similarly situated to deputized status with full pay, benefits, other make-whole relief, as well as seniority;

    b. Enjoining Defendants from filing or refiling the same or similar charges as those underlying the charges against Plaintiffs and similarly-situated officers;

Additionally, there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each of the approximately 230 other prospective class members. Plaintiffs further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT IV (Mandamus)
### (This count will be Supplemented with a Petition for a Writ)

80.    Plaintiffs and similarly-situated officers repeat, re-allege and incorporate by reference, the allegations in the aforementioned paragraphs.

81.    Plaintiffs and similarly-situated officers seek mandamus relief in the form of a court order returning them to active employment with pay status and an order of back pay and all other make whole relief.

82.    Plaintiffs and similarly-situated officers have a clear right to the relief sought in this Count based on the *Taylor* litigation, supra., which held the Board's decision void where issued by an improperly-constituted Board.  This means that, in fact, Plaintiffs and similarly-situated officers should be treated as they were never suspended.

83.    Defendant Dart has a clear duty to appoint persons to the Board for six (6) year terms, and not less pursuant to the Act, 55 ILCS 5/3-7002 and the *Taylor* litigation.

84.    Defendant Cook County has a clear duty to confirm only those proposed appointees to the Board who are proposed for six (6) year terms pursuant to the Act, 55 ILCS 5/3-7002 and the *Taylor* litigation. Defendant Board has a clear duty not to allow invalidly-termed persons to participate in, deliberate upon, hear or make rulings as a hearing officer, vote upon, or sign off on any decisions issued by the Board pursuant to the Act, 55 ILCS 5/3-7002.

85.    Based on the foregoing, Defendants have a clear duty to make Plaintiffs and similarly-situated officers wrongfully-deprived of work opportunities with Defendants and pay pursuant to the *Taylor* litigation.

86.    Based on the foregoing, Defendants have a clear duty to expunge, purge, and remove the Board's decision from all of their files and to treat Plaintiffs and similarly-situated officers as if the illegal disciplinary proceedings never occurred.

87.    By virtue of their employer and joint employer statuses, Defendants Cook County and the Sheriff have clear authority to comply with Taylor's proclamation that a void board's actions are a nullity.

88.    Defendants proximately caused Plaintiffs and prospective class members' harm.

89.    Defendants suffered harm as described in aforementioned counts.

**WHEREFORE**, Plaintiffs on behalf of themselves and all those similarly-situated, pray that the Court finds and declares that the Board was improperly constituted at the time of Plaintiffs' and similarly-situated officers' cases, including from receipt of the Sheriff's initial complaints and then again as to the amended complaints; and, <u>thereafter that the Court Order Defendants Dart and Preckwinkle to adhere to the Taylor mandate, which means that by operation of law, Dart and Preckwinkle must return Plaintiffs and similarly-situated officers to active employment with back pay and all other make whole relief.</u>

## COUNT V (ILLINOIS): NEGLIGENT MISREPRESENTATION
### Applies to all Defendants

90.     Plaintiffs repeat, re-allege and incorporate by reference, the assertions and allegations in the aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

91.      The Defendants made false representations of material facts, which included the false representation of the Board having legal status to include the false representation that illegally appointed members if the Board had been legally appointed to the Board.

92.     There was carelessness and negligence in ascertaining the truth of the misrepresentations by the Defendants.

93.     There was an intention by Sheriff Dart, Cook County, and its Sheriff's Merit Board to induce Plaintiffs to act (which included Plaintiffs

expending one or more of the following: significant sums of monies for legal fees as well time, resources and energy).

94.    The Plaintiffs and those similarly situated, took actions in reliance on the truth of the statements.

95.    The Defendants acted willfully and wantonly.

96.    There was damage to the Plaintiffs and those similarly situated, resulting from such reliance.

97.    There was a duty owed by Defendants to Plaintiffs and to those similarly situated, to communicate accurate and truthful information, namely that the Board was (and continues to be) illegal and thus unable to cause movement on their (Plaintiffs' and those similarly situated) cases.

**WHEREFORE**, and that there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each of the approximately 230 other prospective class members. Plaintiffs further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT VI (ILLINOIS): COMMON LAW FRAUD
### Applies to all Defendants

98.    Plaintiffs repeat, re-allege and incorporate by reference, the assertions and allegations in the aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

99.   Plaintiffs have been (and continue to be) prosecuted by Sheriff Dart before an illegal administrative board.

100.   In Illinois, "[w]here an administrative agency acts outside its specific statutory authority... it acts without jurisdiction. **Its actions are void, a nullity from their inception**." See *Taylor v. Dart*, 2016 IL App (1st) 143684, 64 N.E.3d 123 at 126-127 citing to *Daniels v. Industrial Comm'n,* 775 N.E.2d 936, 940 (2002).

101.   Sheriff Dart, in the furtherance of ministerial acts, and the Sheriff's Merit Board, in the furtherance of ministerial acts, both made false statements of material fact. Namely, that the Merit Board was legal and that its members had been legally appointed.

102.   Defendant Preckwinkle in the furtherance of a ministerial act, did knowingly, willfully, and wantonly present for a vote before the Cook County Board, nominees whose terms were for less than six years and not staggered.

103.   Furthermore, in the furtherance of reliance by the Plaintiffs and prospective class members, the Defendants required the Plaintiffs to participate in and subjected Plaintiffs to:

a)  appearing before the Board and submitting to the purported jurisdiction of the Board; and,

b)  its status hearings, its Discovery, its rulings on matters to include motions; and for some, subjected them to an administrative trial.

104.   The Defendants had knowledge that its actions, with statements, were false and made under false pretenses.

105.   The Defendants' intent was that their statements and actions would induce the Plaintiffs and prospective class members to act.

106.   The acts\reliance (intent) included that Plaintiffs had to retain counsel and then, as stated, supra., and repeated here again, having to appear before the Board and to submit to the purported jurisdiction of the Board; and, its status hearings; its Discovery, etc.

107.   The Defendants willfully and wantonly made false representations of material facts, which included the false representation of the Board having legal status to include the false representation that members of the Board were legally appointed to the Board.

108.   There was an intention by Sheriff Dart, Cook County, and its Sheriff's Merit Board to induce Plaintiffs and prospective class members to act (which included Plaintiffs or similarly situated having to expend monies for legal fees, as well time, resources, and energy).

109.   The Plaintiffs suffered damages resulting from reliance on the false statements and actions of the Defendants. The damages included a loss of employment, stigma plus damages, legal fees and costs, "garden variety" mental stress and anguish, pain and suffering; loss of monies; and loss of reputation.

**WHEREFORE**, and that there is sought, judgment against Defendants, for back-pay, actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each of the approximately 230 other prospective class members. Plaintiffs further demands judgment against Defendants for

27

punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VII (Class Certification)
(This count is a class-action claim and will be
supplemented with a motion)

110.   Plaintiffs repeat, re-allege and incorporate by reference, the allegations in aforementioned paragraphs.

111.   All Defendants falsely represented to Plaintiffs that the Board had jurisdiction of their cases.

112.   All Plaintiffs relied to their detriment on such false representation.

113.   All Defendants falsely represented to Plaintiffs that the Board was legal.

114.   All Plaintiffs relied to their detriment on such false representation.

115.   Because Board members were not properly appointed to the Board during relevant time periods, any and all disciplinary proceedings undertaken by the Board or Defendant Sheriff while such persons were purported, and unlawful members were and are void from inception.

116.   The foregoing allegations stated throughout this complaint form the basis for the complaint and the basis upon which a class should be certified.

117.   Because of the illegal conduct of Thomas Dart and the Board, Plaintiffs seek to represent the class.

118.   The Board's conduct as well as that of Thomas Dart was done maliciously, willfully, wantonly, with willful ignorance and reckless disregard for

the law and the *Taylor* decision, thus entitling Plaintiffs and those they seek to represent as a class, to a punitive damage award as well as class certification.

**WHEREFORE**, Plaintiffs seek that the Court rule as invalid, illegal, and void as a matter of law, the disciplinary proceedings pending for any of the class members for which class certification is proper. To wit, Plaintiffs seek that the Court certify the class as follows:

> **"All Cook County Sheriff's Department officers with disciplinary actions before the illegally constituted Cook County Sheriff's Merit Board, on December 12, 2017."**

Additionally, Plaintiffs seek that the Court order that Plaintiffs and all class members are returned to deputization status with full back pay, benefits, other make-whole relief, and any other relief deemed appropriate by the Court. Plaintiffs on behalf of themselves and similarly-situated officers pray that the Court enter an award of attorneys' fees, and an award of punitive damages for Class Members.


*Plaintiffs hereby make a Jury Demand as to Counts which allow for such.

DATED: February 17, 2018

/S/ **Christopher Cooper**, *Esq.*, Plaintiffs' Lead Counsel


/S/ *Christopher Cooper* Cook County Bar #49766 | Illinois: 6307550 | Indiana: 2123245
Law Office of Christopher Cooper, Inc.
79 West Monroe Street, Suite 1213, Chicago, IL 60603 [or]
426 N. Broad Street, Griffith, IN 46319
Phone: 312 473 2968 | 219 228 4396 | cooperlaw3234@gmail.com

*Cass T. Casper, Esq.,* One of Plaintiffs' Counsel
Cook County Code #61254
TALON LAW, LLC
1153 West Lunt Avenue, Suite 253, Chicago, Illinois 60626
Phone: (312) 351-2478 | Fax: (312) 276-4930
Email: ctc@talonlaw.com


Pursuant to 28 U.S.C. 1746, I, MARTENIA SHYNE, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.  Plaintiff's Signature: /s/MARTENIA SHYNE, 2/17/18

Pursuant to 28 U.S.C. 1746, I, ANTOINETTE GARRET-WILLIAMS, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.
Plaintiff's Signature:  /s/ANTOINETTE GARRET-WILLIAMS, 2/17/18